IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

TOMMY WHITE                                                                            PLAINTIFF

VS.                                      CIVIL ACTION NO. 2:09cv171-KS-MTP

CHRISTOPHER EPPS, et al.                                    DEFENDANT

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION AND GRANTING DEFENDANT'S MOTIONS TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

This cause is before the Court on motions to dismiss for failure to exhaust administrative remedies, and for stay [12][20][23] filed by Defendants; Report and Recommendation filed by Magistrate Judge Michael T. Parker [27]; Objection thereto filed by Plaintiff Tommy White [30]; and the Court does hereby find as follows:

## I. PROCEDURAL HISTORY

Plaintiff Tommy White, proceeding *pro se* and *in forma pauperis,* filed his Complaint [1] pursuant to 42 U.S.C. § 1983 on August 26, 2009. In his Complaint, Plaintiff alleges a claim against Defendants for the denial of adequate medical treatment in violation of the Eighth Amendment. The events alleged in Plaintiff's complaint occurred while he was an inmate at the South Mississippi Correctional Institution in Leakesville, Mississippi ("SMCI"). Plaintiff is currently incarcerated at the Central Mississippi Correctional Facility in Pearl, Mississippi. Accordingly, Magistrate Judge Parker recommends granting the defendants' Motions to Dismiss for Failure to Exhaust Available Administrative Remedies, and For Stay. The Plaintiff's single cognizable objection pertains to the adequacy of his notice of the rules regarding Motions for

Summary Judgement in light of the Magistrate Judge's treating the Motions to Dismiss as Motions for Summary Judgement.

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). *See also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made."). Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III. PETITIONER'S OBJECTION AND ANALYSIS

Plaintiff claims that he was not given notice that the Defendants' Motions to Dismiss were being treated as Motions for Summary Judgement. However, the Report and Recommendation clearly states that motions filed outside of the pleadings, such as those in question here, are to be treated as Motions for Summary Judgement. *See* [27] at p. 1, "Standard". The Plaintiff further asserts that his notice, if given, was inadequate because it did

not provide him, as a *pro se* litigant, with "an understandable notice of the requirements of summary judgement rules". *See* [30] at p. 2. Specifically, the Plaintiff claims he was not told of his responsibility to submit his own affidavits to counter those introduced by the Defendants', and this lack of notice compromised his ability to defeat the Motions. Plaintiff relies upon *Neal v. Kelly*, in making this argument. 963 F.2d 453,456-57 (D.C. Cir. 1992). However, the 5th Circuit has addressed this precise issue in the case of *Martin v. Harrison County Jail*. 975 F.2d 192, 193 (5th Cir. 1992). The 5th Circuit's opinion in *Martin* is controlling in the present case. "[P]articularized additional notice of the potential consequences of a summary judgement motion and the right to submit opposing affidavits need not be afforded a *pro se* litigant. The notice afforded by the Rules of Civil Procedure and the local rules are, in our view, sufficient." *Id*. The Plaintiff was not entitled to any additional "understandable" notice regarding the rules for summary judgement. Furthermore, given the 5th Circuit's opinion in *Martin*, the Plaintiff received adequate and effective notice in the form of the Report and Recommendation that the Defendants' Motions to Dismiss would be treated as Motions for Summary Judgement. Therefore, notice of such treatment was not deficient as the Plaintiff contends. *See* [27] at p. 1, "Standard".

The Plaintiff admits that he has not exhausted the administrative remedies available to him. *See* Complaint [1] at p. 4, ¶ E. After reviewing the record, the Plaintiff has failed to provide a valid reason why the requirement of complete exhaustion should be waived in the present case. Furthermore, the Plaintiff received adequate notice of the rules governing summary judgement. Therefore, this Court agrees with Magistrate Judge Parker's Report and Recommendation that the Defendants' Motions should be granted.

## IV. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objection. For the reasons set forth above, this Court concludes that White's objection lacks merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves, and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that the Defendants' Motions to Dismiss are hereby **granted**.

SO ORDERED AND ADJUDGED on this, the 16th day of June, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE